**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* SHENGDATECH, INC.,                )<br>                                                           )<br>                    Debtor.                        )<br>_____)<br>                                                           )<br>OAKTREE CAPITAL MANAGEMENT, L.P. et )<br>al.,                                                       )<br>                                                           )<br>                    Plaintiffs–Appellants,   )<br>                                                           )<br>        vs.                                              )<br>                                                           )<br>A. CARL MUDD et al.,                         )<br>                                                           )<br>                    Defendants–Appellees.  )<br>_____)  | Bankr. No. 11-bk-52649-GWZ<br><br>3:14-cv-00279-RCJ<br><br><br>**OPINION AND ORDER** |

This is an appeal of a final order of the Bankruptcy Court enforcing an injunction under a confirmation plan (the "Plan") in a Chapter 11 bankruptcy case pending in this District. The Court has jurisdiction under 28 U.S.C. § 158(a)(1). For the reasons given herein, the Court affirms the order of the bankruptcy court.

**I.        FACTS AND PROCEDURAL HISTORY**

Non-debtor Appellants filed a claim for negligent misrepresentation against non-debtor Appellees in Nevada state court ("the "State Court Action"). Appellees removed and asked the Bankruptcy Court to enjoin the action as barred under the Confirmation Order and Plan in the present bankruptcy case, *In re ShengdaTech, Inc.*, Bankr. No. 11-bk-52649 (the "Motion"). The

Bankruptcy Court granted the Motion and awarded fees and costs to Appellees under the Plan. Appellants appealed.

## II.   STANDARD OF REVIEW

The bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A bankruptcy court's interpretation of a confirmed plan is reviewed de novo as a contract under applicable state law. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

## III.   ANALYSIS

Appellants argue that the Bankruptcy Court erred in granting the Motion because: (1) paragraph 21 the Confirmation Order exempts the State Court Action from the release in paragraph 18 and the injunction in paragraph 20; (2) the Bankruptcy Court's interpretation, if correct, results in an impermissible non-consensual release of the liability of a non-debtor to Appellants; and (3) paragraph 18 itself exempts actions against any party who engages in gross negligence, and Appellants were not required to plead gross negligence in the State Court Action with the specificity demanded by the Bankruptcy Court in order for the claim to fall within the exemption. Appellants also ask the Court to reverse the costs and fees imposed against them under the Plan for having violated the injunction.

First, the Court finds that the Bankruptcy Court did not misinterpret paragraph 21 of the Confirmation Order. Paragraph 18 of the Confirmation Order broadly releases claims connected to the bankruptcy. Appellants do not appear to argue that the State Court Action is not barred under paragraphs 18 and 20, except insofar as it alleges gross negligence. They argue, however, that paragraph 21 of the Confirmation Order exempts any actions against non-debtors. (*See*

1  Confirmation Order ¶ 21, ECF No. 13-4 ("Nothing in the Plan or this Order shall or is intended
2  to . . . affect, release, enjoin or impact in any way the prosecution of the claims asserted, or to be
3  asserted, against any Non-Debtor Defendants in the securities litigation entitled *In re*
4  *ShengdaTech, Inc. Seurities Litigation* . . . . or any non-Debtor . . . .")).  Unambiguous terms of
5  contracts are construed according to their plain language. *Sheehan & Sheehan v. Nelson Malley*
6  *& Co.*, 117 P.3d 219, 223–24 (Nev. 2005).

7        Appellants argue that a plain reading of the provision indicates that not only the class
8  action is permitted, but claims against any non-debtor generally.  Appellees are correct that this
9  reading of paragraph 21 would read paragraphs 18 and 20 (the release and injunction) out of the
10 Confirmation Order, and that the Court should give effect to each word of a contract to the extent
11 possible. *See Musser v. Bank of Am.*, 964 P.2d 51, 54 (Nev. 1998).  It is clear that the purpose of
12 paragraph 21 was to exempt claims only in a particular class action.  The title of paragraph 21
13 reinforces this interpretation. (*See* Confirmation Order ¶ 21 ("<u>*Lead Plaintiffs'* Exception to
14 Releases and Injunctions</u>") (italicization added)).  The reasonable way to reconcile the conflict is
15 not to read three words in paragraph 21's exemption as obliterating paragraph 18's thorough two-
16 page release provision and paragraph 20's one-page injunction, but to read those three words in
17 paragraph 21 as meaning something else—anything else—that the parties could have intended.
18 The Court finds that the phrase "or any non-Debtor" could plausibly have meant, and in fact
19 much more reasonably means, that the plaintiffs in the class action were not barred from joining
20 additional non-debtor defendants in that action.  It may have been clearer to have put the phrase
21 "or any non-Debtor" immediately after the phrase "against any Non-Debtor Defendants," but
22 even the way the sentence is constructed the interpretation the Court reaches is much more
23 reasonable than an interpretation resulting in that three words in a one-sentence exemption read
24 three preceding pages of releases and injunctions out of the Conformation Order.  That
25 interpretation is not reasonable.

1    Second, Appellees are correct that the release of Appellants' claims was accomplished
2  when the Plan was confirmed in 2012, not when the motion to enjoin the State Court Action was
3  determined in 2014. Any collateral attacks against the legality of the Plan, as here, are barred by
4  the doctrine of res judicata. *See Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137,
5  1142–43 (9th Cir. 2002). Whether an appropriate objection to the Plan was preserved below
6  does not matter in the present context, because Appellants have not appealed confirmation of the
7  Plan here. All that matters here is that they cannot collaterally attack it. The Bankruptcy Court
8  did not err in rejecting a collateral attack on the Plan.

9    Third, Appellees do not appear to dispute that there is an exception to the release and
10 injunction for claims alleging willful misconduct or gross negligence. The argument is over
11 whether the Bankruptcy Court erred in finding that the State Court Action was not in fact for
12 gross negligence but only for simple negligence. The Court finds that the Bankruptcy Court did
13 not err in finding that Appellants had not alleged gross negligence in the State Court Action so as
14 to exempt that action from the release and injunction. It was not error for the Bankruptcy Court
15 to find that a claim of negligent misrepresentation that never uses the words "gross" or "willful,"
16 but which repeatedly uses the phrase "reasonable care," had alleged only simple negligence. (*See*
17 State Court Action, ECF No. 13-5 to 13-6). Gross negligence must be alleged where the
18 difference between simple and gross negligence matters. *See Husk v. Clark Cnty. Sch. Dist.*, 281
19 P.3d 1183 (Nev. 2009) (unpublished). The Court of Appeals has recently affirmed a ruling of
20 this Court to the same effect. *See Wynn v. Toll Bros. AZ Constr., LLC*, ECF No. 194 in D. Ariz.
21 Case No. 2:09-cv-1587 (Jones, J.) (Arizona law), *aff'd sub nom. Wynn v. Callan Appraisal Inc.*,
22 592 Fed. Appx. 584 (9th Cir. 2015).

23    Finally, Appellants argue that there was no clear and convincing evidence that they
24 willfully violated the injunction, and the costs and fees assessed against them under the Plan
25 must therefore be reversed. The Court disagrees. The Bankruptcy Court did not err in finding

1  that because some Appellants were members of the creditors' committee (and therefore took part
2  in the negotiations concerning the Plan) they knew the State Court Action would violate the
3  injunction. Indeed, as Appellees note, the version of the Plan Appellants voted to accept did not
4  even include the exception in paragraph 21 of the Confirmation Order. Even if paragraph 21 had
5  been in place from the beginning, as noted, *supra*, it is not a reasonable reading of the
6  Confirmation Order and Plan that any suits were permitted against any non-debtor at all.

## CONCLUSION

8  IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED, and the
9  Clerk shall close the case.

10  IT IS SO ORDERED.
11  Dated this 3rd day of September, 2015.

_____
ROBERT C. JONES
United States District Judge